The document below is hereby signed.

Signed: May 16, 2014



_S. Martin Teel, Jr._
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| IMPULSE, LLC, | ) | Case No. 13-00791 |
| | ) | (Chapter 11) |
| Debtor. | ) | |

SUPPLEMENTAL FINDINGS OF FACT AND
CONCLUSIONS OF LAW RE AUTHORIZING THE SALE
OF 1350 OKIE STREET, N.E., WASHINGTON, DC
<u>FREE AND CLEAR OF LIENS, ENCUMBRANCES AND INTERESTS</u>

This supplements the court's oral decision at a hearing of May 14, 2014, to grant the Motion (the "Sale Motion") (Dkt. No. 47) filed by the Debtor, as a debtor in possession, for an order authorizing the sale of the real property located at 1350 Okie Street, N.E., Washington, DC, known for purposes of assessment and taxation as Parcel 142/103 (the "Property") free and clear of all liens, encumbrances and interests.  The Court conducted an initial hearing on the relief requested in the Sale Motion[1] on May 6, 2014, at which time all interested parties had the opportunity to be heard and present evidence with respect to the

---

[1]  To the extent this Order uses capitalized terms not defined herein, those terms shall have the meanings set forth in the Sale Motion.

relief requested.  A final hearing (together with the May 6, 2014 hearing collectively referred to as the "Sale Hearing") was held on May 14, 2014.  In addition to the findings of fact and conclusions of law already stated orally at the hearings, I find and conclude:

    1.  This Court has jurisdiction over the Sale Motion and any ancillary documents and agreements related thereto pursuant to 28 U.S.C. §§ 157(b)(1) and 1334(a).  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue for the above-captioned bankruptcy case and the Sale Motion is proper in this district under 28 U.S.C. §§ 1408 and 1409.

    2.  The statutory predicates for the relief sought in the Sale Motion are §§ 105(a) and 363 of the Bankruptcy Code and Fed. R. Bankr. P. 2002, 6004 and 9014.

    3.  The Sale Motion seeks approval of the proposed sale (the "Sale") of the Property to 1350 Okie Street L.L.C. (the "Successful Bidder") pursuant to an auction (the "Auction") and certain procedures (the "Bidding Procedures") previously approved by the Court.

    4.  Pursuant to the Bidding Procedures, Tranzon Fox conducted the Auction of the Property on May 1, 2014. The Successful Bidder submitted a credit bid in the amount of $5,000,000.00, which was the only bid at the Auction and, therefore, the highest bid.

5. The Court conducted a hearing on May 6, 2014 to consider approval of the proposed Sale. At the hearing, another potential bidder indicated an interest in bidding on the Property and objections to the Sale were raised. Upon the agreement of Debtor, the Successful Bidder and other parties, the Court thereafter entered an order continuing the Auction to provide an opportunity for interested parties to submit additional bids on the Property until 5:00 p.m. on May 12, 2014. Notwithstanding the continued Auction, no additional bids were received by the deadline.

6. The Auction was conducted at arms-length, in good faith and without collusion.

7. As evidenced by the certificates of service previously filed with this Court: (i) proper, timely, adequate and sufficient notice of the Sale Motion and the Sale Hearing has been given in accordance with §§ 102(1) and 363 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004, 6006 and 9014; (ii) such notice constitutes good and sufficient notice of the Sale Motion and the Sale Hearing, and was good, sufficient and appropriate notice under the circumstances; and (iii) no other or further notice of the Sale Motion or the Sale Hearing is or shall be required.

8. A reasonable opportunity to object or be heard regarding the Sale Motion, the Bidding Procedures, the Sale Hearing and the

sale of the Property has been afforded to all interested parties in accordance with Sections 102(1) and 363 of the Bankruptcy Code and with Bankruptcy Rules 2002, 6004, 6006 and 9014.

    9. The Debtor, as a debtor in possession (or, if a trustee is appointed, the trustee) may sell all of the Debtor's right, title and interest in the Property to the Successful Bidder free and clear of all liens, encumbrances or other interests in, to, on or against the Property (collectively the "Interests"), but the Property shall remain subject to any unpaid ad valorem property taxes that have accrued or will accrue on the Property, to which the Property would remain subject if the sale were conducted outside of bankruptcy, and that would be entitled outside of bankruptcy to priority over the liens of the Successful Bidder.

    10. Upon consummation of the Sale at closing, the transfer of the Property shall constitute a legal, valid and effective transfer to the Successful Bidder, and shall vest in the Successful Bidder all the right, title and interest of the Debtor and the bankruptcy estate in and to the Property.

    11. The Successful Bidder has not engaged in any conduct that could prevent the application of Section 363(m) of the Bankruptcy Code or cause or permit the Sale to be avoided under Section 363(n) of the Bankruptcy Code. Consequently, the Successful Bidder is a good faith purchaser under Section 363(m)

of the Bankruptcy Code and is entitled to the protections afforded thereby.

    12.  The findings and conclusions set forth herein, as well as the court's oral rulings at the two hearings, constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, as made applicable to this contested matter pursuant to Bankruptcy Rule 9014.  To the extent any of the foregoing findings of fact constitute conclusions of law, they are adopted as such.  To the extent any of the foregoing conclusions of law constitute findings of fact, they are adopted as such.

    An order follows.

                                      [Signed and dated above.]

Copies to: Recipients of e-notification of filings;

Dean E. Smothers